

Edwin Allen Groover
6161 S Moson Rd.
Herford, AZ 85615-9379
lowet55@gmail.com
520-400-3124

# U.S. DISTRICT COURT
## FOR THE DISTRCT OF ARIZONA
### 405 W. CONGRESS ST #1500
### TUCSON, AZ 85701

| | |
|---|---|
| EDWIN A. GROOVER,<br><br>Plaintiff,<br><br>vs.<br><br>COCHISE COUNTY TREASURER<br><br>CATHERINE TRAYWICK<br><br>COCHISE COUNTY TAX ASSESSOR<br><br>PHILIP S. LEIENDECKER<br><br>Defendants | Case No.: CV-22-00450-TUC-JAS<br><br>PETITION FOR WRIT OF PROHIBITION |

Petitioner, Edwin A. Groover herein ("I", "me" or "myself"), hereby, declares that the Respondents are not adhering to Supreme Law of the Land or the Arizona Title 42 Taxing statutes and that a WRIT OF PROHIBITION should issue.

**Relief sought**

Petitioner demands Respondents remain within the boundaries of their office and adhere to the letter of the U.S. Constitution, the Arizona State Constitution, and Arizona Title 42 Taxation.

Petitioner demands Respondents cease all contact and any efforts to collect the ad valorem/excise tax.

**Issue presented:**

Cochise County Treasurer Office and the Cochise County Tax Assessors Office do not possess the authority to tax private property, specifically Petitioner's home.

**Arizona State Constitution**

**Article 9 Section 2** - Property subject to taxation; **exemptions**

(4) All *household* goods owned by the user thereof and used solely for noncommercial purposes shall be exempt from taxation, and such person entitled to such exemption shall not be required to take any affirmative action to receive the benefit of such exemption.

house·hold
/'hous,(h)ōld/

Noun

**a house and its occupants regarded as a unit.**

"Shelter". (Black's Law Dictionary 6th Edition). In statute relating to the provisions of food, clothing and shelter for one's children, term generally refers to a **home** with proper environments, as well as **protection from the weather**.

"Household" *adj.* (Black's Law Dictionary 6th Edition).

  Belonging to the **house** and Family; domestic.

"Household". *n.* (Black's Law Dictionary 6th Edition).

  A family living together. *Schurler v. Industrial Commission*, 86 Utah 284, 43 P.2d 696, 699. **Those who dwell under the same roof and compose a family**.

"Home" (Black's Law Dictionary 6th Edition).

  One's own dwelling place; the **house** in which one lives, especially the **house** in which one lives with his family; the habitual abode of one's family; a **dwelling house**. *Mann v. Haines*, 146 Kan. 988, 73 P.2d 1066,1072.

2

**"Comfort".** (Black's Law Dictionary 6th Edition).

Benefit, consolation, contentment, ease, enjoyment, happiness, pleasure, or satisfaction.

**"Personal Effects".** (Black's Law Dictionary 6th Edition).

   Articles associated with person, as property having more or less intimate relation to person of possessor; "effects" meaning movable or chattel property of any kind. Usual reference is to such items as the following owned by a decedent at the time of death: clothing, furniture, jewelry, stamp and coin collections, silver, china, crystal, cooking utensils, books, **cars,** televisions, radios, etc.

Term "household" is generally synonymous with "family" for insurance purposes, and includes **those who dwell together as a family under the same roof**. *Van Overbeke v. State Farm Mut. Auto. Ins. Co.*, 303 Minn. 387, 227, N.W.2d 807, 810.

   Generally, the term "household" as used in automobile policies is synonymous with "**home**" and "family." *Bartholet v. Berkness*, 291 Minn. 123, 189 N.W.2d 410, 412.

As stated above *"household goods and personal effects"* are defined technically as "*__things which give bodily comfort such as Shelter__*" (*house*) and that the title to such "household goods and personal effects" (*House" and the "land" it sits upon*) used solely for the creature comforts of the **taxpayer/owner** and **not <u>devoted to some business</u> or <u>commercial purposes</u> shall be exempt from taxation;** *therefore the use of such property solely for exempt purposes [as in nonbusiness, noncommercial, nonprofit use] is expressly exempted from taxation.* The legislative intent is to be *"in compliance with the requirements of the general law, statutes, and the constitutions."*

This establishes Article 9 Section 2 exemptions original function was to ensure the home/shelter/household, owned by the user thereof and used solely for noncommercial purposes was at the time the constitution was written, and still remains today, exempt from taxation.

*(U.S. Sup. 1915) Statutes imposing taxes are to be strictly construed against the government and liberally construed in favor of the taxpayer.*

*A State may not impose a charge for the enjoyment of a right granted by the Federal Constitution. P. 319 U. S. 113*

**Facts necessary to understand the issue presented:**

Petitioner, a 62y/o single retired man, a 90% disabled veteran, who lives on 4 acres in Hereford, AZ. Petitioner has been, and still am being extorted by and through acts of collusion and practices of abusing authorities, Cochise County Treasurer and the Cochise County Tax Assessor herein (Respondents) by the color of law.

"COLOR OF LAW"

The appearance or semblance, without the substance, of legal right"- State v. Brechler, 185 Wis. 509, 202 N.W. 144 148}"

Respondents have issued a "Cochise County Property Tax Statement 2022" through the U.S. Mail. This document is fraudulent. This is a joint venture conspiracy by Cochise County Treasurer and the Cochise County Tax Assessor. The purpose of their actions is to use government resources to target the private individual and apply state statutes to force the private individual to pay a fraudulent tax.

It is well settled law that the private individual may own their private property in perpetuity and have sole disposition.

Black's Law 2nd Edition: Private *property, as protected from being taken for public uses, is such property belongs absolutely to an in- dividual and of which he has the exclusive right of disposition; property of a specific, fixed and tangible nature, capable being had in possession and transmitted to another such as houses, lands, and*

*chattels. Homochitto River Com'rs v. Withers, 29 Miss. 21, 64 Am. Dec. 126; Scranton v. Wheeler 179 U.S. 141, 21 Sup. Ct. 48, 45 IJ. Ed. 12:*

The Cochise County Treasurer claims petitioner owes Cochise County a debt for an ***ad valorem/excise*** tax levied against petitioner's private property. The Respondents cannot prove petitioner owes the county any monies at all.

The Respondents have not properly assessed petitioner's property pursuant to 26 CFR 301.6203-1 - Method of assessment.

*The <u>district director</u> and the director of the regional service center shall appoint one or more assessment officers. The <u>district director</u> shall also appoint assessment officers in a Service Center servicing his district. The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the <u>taxpayer</u>, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of <u>tax</u> shown on a return by the <u>taxpayer</u>, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. The date of the assessment is the date the summary record is signed by an assessment officer. If the <u>taxpayer</u> <u>requests</u> a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the <u>taxpayer</u>, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed. Brafman v. United States, 384 F.2d 863 (5th Cir. 1967), where an assessment was invalidated due to the lack of a signature.*

Respondents have <u>never properly identified any taxable activity through a lawful assessment</u> on Petitioner's private property. They cannot, there is no <u>taxable activity.</u> Ad Valorem taxes are only to be levied against taxable activities.

*Harder's Fireproof Storage & Van Co. v. City of Chicago, 235- 58, 14 A. & E. A. C. 536*

*The principal is bottomed on the theory that the subject of <u>**an Ad Valorem tax is property, that of excise taxation is a right or privilege or a fee or tax exacted for the privilege of incorporating or doing business as a corporation.**</u> Thus, it is well settled that a state may collect an Ad Valorem tax on property used in a calling and at the same time impose a license tax on the*

5

*pursuit of that calling (Harder's Fireproof Storage & Van Co. v. City of Chicago, 235- 58, 14 A. & E. A. C. 536).*

***EXCISE.*** *An inland imposition, paid sometimes upon the consumption or the commodity, and frequently upon the retail sale. 1 Bl. Comm. 318; Story, Const. § 950; Scholey v. Rew, 23 ViTall. 346, 23 L. Ed. 99; Patton v. Brady. 1&1 U. S. G08, 22 Sup. Ct 493, 46 L. ~-::d. 713; Portland Bank v. Apthorp, 1? Mass. 256; Union Bank v. Hill, 3 Cold. (Tenn.) 32S. The words "tax" and "excise," although often used as synonymous, are to be considered as having entirely distinct and separate significations. under Const. Mass. c. 1, ~1, art. 4. the former is a charge apportioned either among the whole people of the state or those residing within certain districts, municipalities, or sections. It is required to be imposed. so that, if levied for the public charges of government, it shall be barred according to the estate. real and personal, which each person may possess: or, if raised to defray the cost of some local improvement of a public nature, it shall be borne by those who will receive the Borne special and peculiar benefit or advantage which an expenditure of money for a public object may cause to those on whom the tax is assessed.* ***An excise, on the other hand is of a different character. It is based on no rule of apportionment or equality or whatever. It is a fixed, absolute, and direct charge laid on merchandise. products, or commodities. without any regard to the amount of property belonging to those on whom it may fall or to any supposed relation between money expended for a public object and a special benefit occasioned to those by whom the charge is to be paid. Oliver v. Washington Mills, 11 Allen ()lass.) 268.*** *The term is also extended to the Imposition of public charges, in the nature of taxes, upon other subjects than the manufacture and sale of commodities, such as licenses to pursue particular callings, the franchises of corporations and particularly the franchise of corporate existence, and the inheritance or succession of estates. Pollock v. Farmers' L. & T. Co. 158 U. S. 601, 15 Sup. Ct. 912. 39 L. Ed. nos; Scholey v. new , 23 W all. 346, 2.3 L. Ed. 99; Hancock v. Singer :i\Ifg. Co., r,2 N. J. Law, 289, 41 Atl. 846, 42 L. R. A. 852_*

"**Ad valorem tax**" (Black's Law Dictionary 6th Edition). According to value. A tax levied on *property or an article of commerce* in proportion to its value, as determined by assessment or appraisal. ***Callaway v. City of Overland Park***, 211 Kan. 646, 508 P.2d 902, 907.

**Ad Valorem.** *According to the value.* (Bouviera 1856, 6th Edition).

This Latin term is **used in commerce** in reference to certain **duties**, called ad valorem duties, which are **levied on commodities at certain rates per centum on their value. See Duties; Imposts;** Act of Cong. of March 2, 1799, s. 61 of March 1, 1823 s. 5.

*"Because an owner-occupied residence **not used for any commercial purpose** does not qualify as property 'used in' commerce or commerce-affecting activity, arson of such a dwelling is not*

6

*subject to...prosecution..." Jones v. United States*, 529 U.S., 146 L Ed 2d 902, 120 S.Ct. (May 22, 2000).

The courts have made it abundantly clear and unambiguous; property taxes are ad valorem taxes/excise taxes and are to be levied explicitly for a taxable activity exercising a privilege. The government can only control what it creates. Cochise County did not create Petitioner. Cochise County did not create Petitioner's home.

Redfield v. Fisher, 135 Or. 180, 292 P. 813, 295 P. 461 (1930) Oct. 24, 1930 Oregon Supreme Court 135 Or. 180, 292 P. 813, 295 P. 461

*The individual, unlike the corporation, cannot be taxed for the mere privilege of existing. The corporation is an artificial entity which owes its existence and charter powers to the state;* **_but the individuals' rights to live and own property are natural rights for the enjoyment of which an excise cannot be imposed._**

The Respondents are not in compliance with Arizona Title 42 taxing statutes. The entirety of Title 42 only applies to properties with taxable activities identified through a lawful assessment. A lawful assessment must identify the specified elements to be taxed and be signed and dated by the assessor. Title 42 definition of "tax" requires an assessment to lawfully made based on information from a tax return or information from the taxpayer.

Respondents cannot prove Petitioner is a *taxpayer* pursuant to Arizona Title 42 Taxation.

**ARS 42-1051. Definitions**

In this article, unless the context otherwise requires:

1. "State" means the District of Columbia and any state, territory or possession of the United States.

2. "Tax" means:

(a) **Assessments lawfully made, whether based on a return or other disclosure of the taxpayer, upon the information and belief of the taxing authority, or otherwise.**

(b) **Penalties lawfully imposed pursuant to a taxing statute.**

(c) Interest charges lawfully added to the tax liability, which constitutes the subject of the action.

This is the standard The Cochise County Treasurer and the Cochise County Tax Assessor are supposed to be following.

The Respondents are sworn by oath to protect Petitioner's rights when and where they claim to have business with Petitioner. Respondents have failed to protect Petitioner's right to own his property. An assessment has not been lawfully completed. Cochise County does not have Petitioner's tax return. Petitioner has not made any disclosures to Cochise County.

Cochise County has created a document called a "Property Profile Report" however this does not meet legal requirements of a lawful assessment required to be performed by the Cochise County Assessor's Office to properly identify the taxable activity that would be "subject to" the *ad valorem* tax. Consequently, Respondents are unable to legally classify any property into a particular taxable category Listed in Title 42 until the assessment has been completed.

Instead, Respondents have converted Petitioner's private property. Respondents are now calling it "residential property", falsely identifying it as something that would place it in a taxable classification. Respondents have not completed the assessment process on any of Petitioners private properties.

Petitioner is a Flesh and Blood Being, a Natural living Soul, a Sovereign, independent since February 28, 1960. I am not a Corporate Person; I am not a 14th amendment person. I deny the existence of any contract that would bind me to the jurisdiction of the county. I have unalienable, inherent, God given rights that are secured to me by the American Republic Constitution. And under American Republic Constitution petitioner has a right to own his home. That right is so basic it should not have to be mentioned. Cochise County has arbitrarily and erroneously converted petitioner's right into a privilege and is charging a fee for it, called "property tax". Murdock v Pennsylvania 319 US 105 1943 says no state may convert a secured liberty into a privilege and charge a fee for it.

I claim usurpation, I claim encroachment, I claim Respondents are trampling on my right to exclusive disposition of my home/private property/shelter.

Respondents are demanding a tax on Petitioner's place of worship.

**Private property.** *<u>As protected from being taken for public uses, is such property as belongs absolutely to an individual, and of which he has the exclusive right of disposition;</u>* property of a specific, fixed and tangible nature, capable of being had in possession and transmitted to another, such as houses, lands, and chattels. Homochitto River Com'rs v. Withers, 29 Miss. 21, 64 Am.Dec. 126; Scranton v. Wheeler, 21 S.Ct. 48, 179 U.S. 141, 45 L.Ed. 126.

I am a Flesh and Blood Being, a Natural living Soul, a Sovereign, independent since February 28, 1960. I do not consent to the property tax claim brought against me by my artificial adversary, Cochise County Treasurer. The officials of the county are administering in a capacity that exceeds the county's inferior commercial jurisdiction, essentially waring against the Constitution. To war against the Constitution is to war against the people. To war against we the Indigenous Sovereign American People is to engage in acts of treason.

I am Edwin A. Groover. I deny the responsibility for any debt created by a county that I am not in control of. For me to be subjected to such fiction of law has deprived me the Due Process of Law that the American Constitution requires.

The Respondents documents are fraudulent. Respondents cannot provide the court with proof Petitioner is liable for an ad valorem/excise tax. The ad valorem/excise tax is a government intrusion on Petitioner's right to own the property.

REASON FOR GRANTING THE PETITITION

1. From the facts and evidence provided by the state and federal constitutions, and previous court decisions, any argument from Respondents would be untenable. Any discussion that would support an ad valorem/excise on any property without proof of taxable activity, would simply underline and represent how untethered Respondents are from any modicum of U.S. law.

2. The Respondents are administering the Arizona Title 42 Taxation in a capacity that exceeds the taxing authority. Respondents are sending fraudulent documents through the U.S. Mail demanding payment of a "property/ad valorem/excise tax" Petitioner does not owe. If this fictious obligation is not satisfied, Respondent will issue additional fraudulent documents to seize Petitioner's home/private property and sell it to someone who will submit to county tyranny (copies provided).

    This is extortion through the U.S. Mail. This is punishable under Title 18 U.S. Code Sec 876 Mailing Threatening Communications.

3. The Constitution of the United States uniformity clause states all taxes must be uniform. Respondents "property tax" cannot be uniform if an assessment is not completed

The Respondents are acting under the color of law and without due course of law subjecting Petitioner to fiction of law.

FICTION OF LAW-

Something known to be false is assumed to be true Ryan v. Motor Credit Co., 130 N.J. Eq.531, 23 A.2d 607.

The appearance or semblance, without the substance, of legal right"- State v. Brechler, 185 Wis. 509, 202 N.W. 144 148}"

*Misuse of power, possessed by virtue of state law and made possible only because wrongdoer is clothed with authority of state law, is action taken under "color of state law"- Atkins v. Lanning, 415 F. Supp. 186 188.*

"The assertion of federal rights, when plainly and reasonably made, is not to be defeated under the name of the local practice."- Davis v. Wechler, 263U.S. 22, at 24 "

The State cannot diminish rights of the people."- Hertado v California, 110 U.S. 516.

4. Respondents are acting without authority. Respondents cannot prove there is taxable activity in Petitioner's home. Respondents cannot prove an ad valorem/excise tax can be legally levied against Petitioner's property. Respondent's documents are fraudulent. This is an unconstitutional act and this illegal activity must end immediately. The amounts of these taxes were illegally calculated, in violation of the statutes of the state, the state constitution, and previous court decisions. And since they are fixed by a percentage of the ad valorem/excise valuations, they must fall because those valuations were illegally made.

5. The exercise of the right to own *private property* is not only inalienable and constitutionally protected against federal and state abridgment and interference, it is also **Constitutionally exempt from taxation**.

6. Petitioner does not have any other option. Petitioner has attempted to resolve this issue at the lowest level. Respondents refuse to explain the inappropriate levy of ad valorem/excise tax against property that does exercise a taxable privilege. Sheriff Mark Dannels has been provided with this information and asked to investigate these activities. To date, Petitioner has not received a reply. Petitioner's most recent property tax bill indicates nothing has been done. It is obvious a large portion of the illegal revenue collected supports law enforcements budget. It is simply not beneficial for law enforcement to investigate a crime that their budget relies on.

7. Respondents continue to illegally subject plaintiff to Cochise Counties endless plunder to fund itself. Defendants have collateralized plaintiff's private property through public debt. Private properties are collateralized through public debt by the county issuing tax free municipal bonds to support public projects such as schools, libraries, or redecorating their offices. Government needs were never intended to be fulfilled from the backs of the people. This is called creating false securities. When the county government attaches an obligation, such as issuing bonds to something it does not control, it is creating a false security.

MONTEREY V. DEL MONTE DUNES ATMONTEREY, LTD. (97-1235) 526 U.S. 687 (1999) 95 F.3d 1422, affirmed.

"cities and municipalities cannot control property they do not own"

It is a FACT that neither the state statutes, nor the state constitution of Arizona provides a procedure to assess and levy within the situs of the state a commercial ad valorem property tax of any kind upon noncommercial property used strictly as a dwelling home (shelter) of its owner as a matter of RIGHT. Therefore, it is a FACT that the public servants of Cochise County Arizona thru a scheme of taxation with pure intent to defraud the people of Cochise County Arizona, are collecting monies WITHOUT lawful authority to do so and are truly in direct violation of the supreme law of the land and a clear usurpation of power not granted by THE LAWS OF THE UNITED STATES OF AMERICA, AND THE CONSTITUTIONS OF THE SEVERAL STATES OF THE AMERICAN UNION.

8. 16th Am jurisprudence Section 97 Constitutional Law Section

"That a constitution should receive a liberal interpretation in favor of the citizen is especially true with respect to those provisions which were designed to safeguard the liberty and security of the citizen in regard to both person and **property**. And a constitutional provision intended to confer a benefit should be liberally construed in favor of the clearly intended and expressly designated beneficiary."

Justice Black in *Conley v. Gibson*, 355 U.S. 41 at 48 (1957) "The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." According to Rule 8(f) FRCP and the State Court rule which holds that all pleadings shall be construed to do substantial justice."

Date: 9-30-2022

Signature

Pro Se Plaintiff
Edwin Allen Groover
6161 S Moson Rd
Hereford, AZ 85615-9379
(520) 400-3124